Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York                                     1:20-cv-10924

Renal Glover, individually and on behalf of
all others similarly situated,

                            Plaintiff,

           - against -                                            Class Action Complaint

Bob's Discount Furniture, LLC,

                            Defendant

    Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Bob's Discount Furniture, LLC ("defendant") markets, promotes and sells warranties in connection with selling furniture.

2. The Goof Proof warranty is sold to customers to protect against damage by liquids, food or beverage stains, pen markings, cosmetics, and rips, tears, cuts and punctures.

3. The discount nature of the furniture creates extra incentive to purchase the warranty.

4. This is because consumers know intuitively that lower priced furniture may not be as sturdy or resistant to accidental stains or tears as higher priced furniture.

5. Therefore, it makes sense to spend extra on a warranty to cover these potential issues.

6. However, defendant and its partners are is in the business of collecting premiums and rejecting claims submitted for the Goof Proof warranty.

7. Upon information and belief, Defendant receives undisclosed incentives or

kickbacks from Guardian Insurance for every warranty it sells to consumers.

8. Defendant's sales personnel receive bonuses and can be penalized based on the number of warranties they sell.

9. Defendant's sale of the warranties is misleading because the furniture is poorly made.

10. This means they can more easily and unfairly attribute any accidental stain or rip to a product defect, when there might be cause for overlap between what caused the damage.

11. However, when customers submit a warranty claim for one of the covered reasons, they are denied with the explanation that the damage or stain was not "accidental," but due to misuse.

12. For instance, many customers report submitting a claim due to young children causing stains or other damage which is typical for young children.

13. Such damages and stains are not "accidental" but expected, and the type of events which should trigger coverage under the warranty.

14. Defendant regularly denies claims if a customer cannot identify the exact date within a 30-day period when the stain or damage occurred.

15. Not noticing a stain or damage on the day it occurred is a common circumstance, especially if the furniture is used by other persons within a household and not exclusively by the warranty holder.

16. Additionally, if there is more than one markings or punctures on the furniture, the warranty will be denied on the basis that the items were "misused."

17. However, it is not expected that a customer would submit a claim on the warranty for the most minor and less visible markings or tears.

18. Yet this is often used as a pretext to deny valid claims.

19. Another pretext used to deny claims is "accumulated [stains/tears/etc]," "repetitive" or "preventable."

20. Customers submit pictures of the items for which coverage is sought, and defendant will seek to identify other markings or rips, even in other areas of the furniture, and deny claims on this basis.

21. Defendant has not reasonably defined what types of stains, rips, etc., are "excessive" and the application of this criteria results in denial of valid claims.

22. Representatives of the warranty company, on information and belief, receive incentives for the number of claims they deny during various time periods, resulting in consumers not receiving the coverage they were entitled to.

23. Defendant encourages consumers to use the cleaning products it provides for stains or markings.

24. This has the effect of delaying the time within which customers file their claims, resulting in the filing dates being beyond the 30 days permitted.

25. This practice is deceptive and unfair to consumers.

26. Rips or tears are often characterized as "normal wear and tear" even when they are caused by accidental damage of the type described as covered by the warranty.

27. When consumers do submit claims, they face long waits to speak with representatives, and are told they will be contacted back by someone, but no one calls back.

28. Their calls are often "disconnected" because the warranty representatives are evaluated on the length of their calls with claimants.

29. Customers must navigate confusing endless circular phone trees which lead to being disconnected.

30. Defendant's actions frustrate the purpose of the warranty and make it difficult to impossible for customers to have their valid claims honored.

31. Rips, tears and punctures are often described as "defects" and outside of coverage.

32. Defendant's promotion of the Warranty is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

33. Defendant breached the warranty.

34. The value of the Warranty that plaintiff purchased was materially less than its value as represented by defendant.

35. Had plaintiff and class members known the truth, they would not have bought the Warranty or would have paid less for them.

36. As a result of the deceptive practices, the Warranty is not honored on a consistent basis using a typical bad faith playbook to reject valid claims.

37. The warranty costs more than it would if it were disclosed that customers would have no chance of having their claims approved.

## Jurisdiction and Venue

38. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

39. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

40. Plaintiff Renal Glover is a citizen of New York.

41. Defendant Bob's Discount Furniture, LLC is a Massachusetts corporation with a principal place of business in Manchester, Hartford County, Connecticut and is a citizen of

Connecticut and upon information and belief, at least one member of defendant is a citizen of Massachusetts.

42. "Minimal diversity" exists because plaintiff Renal Glover and defendant are citizens of different states.

43. Upon information and belief, sales of the warranty exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

44. Venue is proper in this because a substantial part of the events or omissions giving rise to the claim occurred here.

45. Venue is further supported because many class members reside in this District.

### Parties

46. Plaintiff Renal Glover is a citizen of Bronx, Bronx County, New York.

47. Defendant Bob's Discount Furniture, LLC is a Massachusetts corporation with a principal place of business in Manchester, Connecticut, Hartford County.

48. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Warranty within her district and/or State in reliance on the representations of the Warranty.

49. Defendant failed to honor the warranty and Plaintiff's claims.

50. Plaintiff bought the Warranty at or exceeding the above-referenced price because she liked the product for its intended use and relied upon the representations and contractual terms, which defendant breached.

51. Plaintiff would not have purchased the Warranty in the absence of Defendant's misrepresentations and omissions.

52. The Warranty worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

53. Plaintiff intends to, seeks to, and will purchase the Warranty again when she can do so with the assurance that its terms will be honored.

## Class Allegations

54. The class will consist of all purchasers of the Warranty who reside in New York during the applicable statutes of limitations.

55. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

56. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

57. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

58. Plaintiff is an adequate representative because her interests do not conflict with other members.

59. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

60. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

61. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

62. Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350
### (Consumer Protection Statutes)

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Plaintiff and class members desired to purchase and use the Goof Proof warranty in

accordance with its terms and conditions.

65. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

66. Defendant misrepresented the warranty through its statements and actions.

67. Defendant created exclusions by distorting the plain meaning of words which plaintiff and customers relied on.

68. Plaintiff and class members would not have purchased the Warranty or paid as much if the true facts had been known, suffering damages.

## Breach of Contract

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Defendant breached the contract established with plaintiff and consumers by failing to comply with its terms and conditions, and by failing to operate under good faith in denying claims which should have been covered.

## Negligent Misrepresentation

71. Plaintiff incorporates by reference all preceding paragraphs.

72. Defendant misrepresented the Warranty.

73. Defendant had a duty to disclose the true facts about how claims would be denied for reasons which invert the English language.

74. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of furniture, such that they will understand and honor a warranty for that furniture.

75. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

76. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Warranty.

77. Plaintiff and class members would not have purchased the Warranty or paid as much if the true facts had been known, suffering damages.

## Fraud

78. Plaintiff incorporates by reference all preceding paragraphs.

79. Defendant misrepresented the attributes and qualities of the Warranty.

80. Defendant's fraudulent intent is evinced by its failure to accurately identify the Warranty's attributes and terms, when it knew its statements were neither true nor accurate and misled consumers.

81. Plaintiff and class members would not have purchased the Warranty or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

82. Plaintiff incorporates by reference all preceding paragraphs.

83. Defendant obtained benefits and monies because the Warranty was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: December 25, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-10924
United States District Court
Southern District of New York

Renal Glover, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Bob's Discount Furniture, LLC,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  December 25, 2020

                                                          /s/ Spencer Sheehan
                                                          Spencer Sheehan