UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENELL GLOVER and CLAUDIA MUSELLA, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>  -against-<br><br>BOB'S DISCOUNT FURNITURE, LLC and GUARDIAN PROTECTION PRODUCTS, INC.,<br><br>                  Defendants. | Civil Action No.: 1:20-CV-10924<br><br>**REPLY IN SUPPORT OF DEFENDANT BOB'S DISCOUNT FURNITURE, LLC'S MOTION TO DISMISS** |

## TABLE OF CONTENTS

                                                                                                                                   **Page**

I.    PLAINTIFFS' OWN ALLEGATIONS SHOW THAT THEY DID NOT SUFFER A WRONGFUL DENIAL OF THEIR CLAIMS. ............................................................... 1

II.   THE COMPLAINT FAILS TO STATE GBL §§ 349 & 350 CLAIMS. ............................ 2

    A.    There Are No Allegations of Misleading Conduct and the Plaintiffs Suffered No Alleged Injury. ................................................................. 2

    B.    Plaintiffs' GBL §§ 349 & 350 Claims Are Also Time-Barred Insofar As They Arise Out of The Purchase of Goof Proof. .................................................... 3

III.  THE OPPOSITION FAILS TO IDENTIFY ANY AGREEMENT THAT BDF ALLEGEDLY BREACHED, SO THE CONTRACT COUNT FAILS. ............................... 4

IV.  THE OPPOSITION IDENTIFIES NO BREACH OF EXPRESS WARRANTY AND SERVICES ARE NOT SUBJECT TO IMPLIED WARRANTIES, SO THE BREACH OF WARRANTY COUNT FAILS. ............................................................. 4

V.   THE OPPOSITION FAILS TO IDENTIFY A NEGLIGENT MISREPRESENTATION, SO THAT COUNT FAILS. ........................................................... 5

VI.  THE OPPOSITION DOES NOT IDENTIFY A FALSE STATEMENT MADE BY BDF TO THE PLAINTIFFS, SO THE FRAUD COUNT FAILS. ............................... 5

VII. THE UNJUST ENRICHMENT COUNT ALSO FAILS. .......................................................... 6

CONCLUSION .............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (2012) ...........................................................................................................6

*Gaidon v. Guardian Life Ins. Co. of Am.*,
    96 N.Y.2d 201 (2001) ..........................................................................................................3

*Milau Assocs. v. N. Ave. Dev. Corp.*,
    42 N.Y.2d 482 (1977) ..........................................................................................................4

**Statutes**

15 U.S.C. c. 50 § 2301, *et seq* (the Magnuson Moss Warranty Act) .................................................4

CPLR 201 ........................................................................................................................................3

CPLR 214(2) ...................................................................................................................................2

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................................5

Fed. R. Civ. P. 9(b) .........................................................................................................................4

Defendant BDF[1] respectfully submits this reply in support of its October 13, 2021 Motion to Dismiss (the "Motion to Dismiss") and in response to the November 3, 3021 opposition brief submitted by Plaintiffs (the "Opposition"). Dkt. 47, 48, 55. As explained below, there are no factual disputes implicated by the Motion to Dismiss and the Complaint fails to state a claim upon which relief can be granted.[2]

## I. PLAINTIFFS' OWN ALLEGATIONS SHOW THAT THEY DID NOT SUFFER A WRONGFUL DENIAL OF THEIR CLAIMS.

The Opposition fails to address BDF's principal grounds for dismissal: that the Complaint fails to allege the wrongful denial of a Goof Proof claim. To the contrary, it shows that Glover's claim was correctly denied because Goof Proof only covers accidental damage and Glover could not — and still cannot — identify any accident that damaged her sofa. Compl., ¶¶ 38-46. Musella is not alleged to have even made a Goof Proof claim. *Id.*, ¶¶ 47-56. She failed to contact Guardian despite admitting that she was instructed to do so in case of accidental damage. *Id.*, ¶¶ 2, 47-56.

These straightforward facts appear on the face of the Complaint and the Opposition does not question them. Instead, the Opposition resorts to obfuscation by arguing that there are unspecified "detailed factual assertions" that cannot be resolved at this stage of the case. Opp., 2-3. In reality, BDF's Motion to Dismiss did not raise any factual disputes. It assumed the truth

---

[1] Capitalized terms herein shall have the meanings set forth in BDF's Memorandum of Law in support of its Motion to Dismiss. Dkt. 48.

[2] Musella's claim are also subject to arbitration for the reasons set forth in the Motion to Compel Arbitration filed by Guardian and joined by BDF. Dkt. 43, 46. BDF joins in Guardian's reply brief insofar as it addresses the arbitration issue.

1

of the Complaint.  The only factual assertions at issue are those made by Plaintiffs themselves.  It is undisputed that their own allegations show they did not suffer the wrongful denial of a Goof Proof claim.

II.   **THE COMPLAINT FAILS TO STATE GBL §§ 349 & 350 CLAIMS.**

    A.   **There Are No Allegations of Misleading Conduct and the Plaintiffs Suffered No Alleged Injury.**

Plaintiffs persist in making conclusory accusations of wrongful claim denials without bothering to reference the actual service contracts that explain the scope of coverage and claims process in detail.  The reality is that Plaintiffs got exactly what they were promised: five years of accidental damage coverage provided they actually suffered and reported an accident.

In fact, the Complaint admits that Glover was told that the failure of her sofa frame <u>would be</u> covered by Goof Proof <u>if caused by an accident</u>, but she proved unable to identify any accident.  Compl., ¶ 46.  Her claim was denied accordingly.

Had Musella simply made a claim to Guardian, there is no reason to doubt that her alleged accidental damage would have been covered in the ordinary course.  *Id*., ¶¶ 2, 24.

The Opposition admits that a Plaintiff asserting claims under GBL §§ 349 & 350 must "plausibly allege… deceptive conduct… likely to mislead a reasonable consumer."  It fails, however, to identify any objectively misleading conduct.  Opp., 10-11.  While it refers obliquely to "false and misleading statements and omissions," the only misconduct alleged is the denial of Plaintiffs' claims.  Opp., p. 4.  Yet, at no point do Plaintiffs allege that the denials were inconsistent with the terms of their actual Goof Proof contracts – indeed, frustratingly, they fail to reference the contract terms at all.

The Complaint makes two things perfectly clear, however.  Goof Proof (1) only covers accidental damage; and (2) requires that accidental damage claims be made to Guardian.

Compl., ¶¶ 2, 25.  Glover failed to satisfy the first condition and Musella failed to satisfy the second.  Neither suffered an injury because their claims were not wrongfully denied.  Their GBL §§ 349 & 350 count fails accordingly.

### B. Plaintiffs' GBL §§ 349 & 350 Claims Are Also Time-Barred Insofar As They Arise Out of The Purchase of Goof Proof.

The putative class is defined as "New York residents who <u>purchased</u> the [Goof Proof] Product during the statute of limitations period of each cause of action alleged."  Compl., ¶ 110. Both Glover and Musella admit to having purchased Goof Proof more than three years before this case was filed, so they do not fall within the class they purport to represent and their own claims are time-barred insofar as they arise out of the purchase of Goof Proof.  Compl. ¶¶ 38-39; 48-49; CPLR 214(2).[3]  The Opposition does not argue otherwise.

Instead, the Opposition argues that Plaintiffs did not become aware of their alleged injury — supposedly overpaying for Goof Proof contracts — until they made claims to BDF and Guardian and at that time supposedly "discovered" that Goof Proof was not as valuable as they thought it was.  Opp., p. 4.  Plaintiffs also argue that their limitations period should be equitably tolled.  These arguments fail because New York law does not permit the extension of the limitations period for purely statutory claims.  CPLR 201 ("No court shall extend the time limited by law for the commencement of an action."); *see also Gaidon v. Guardian Life Ins. Co.*

---

[3] In a single sentence, the Opposition avers without explanation that Plaintiffs were also supposedly misled because the Goof Proof contracts are somehow "prohibited under New York law." Opp., p. 2.  Such a GBL §§ 349 & 350 claim would be patently time-barred since it arises only out of the purchase of Goof Proof and not the claims process.

3

*of Am.,* 96 N.Y.2d 201 (2001).  The GBL §§ 349 & 350 claims should be dismissed for this additional reason.

### III. THE OPPOSITION FAILS TO IDENTIFY ANY AGREEMENT THAT BDF ALLEGEDLY BREACHED, SO THE CONTRACT COUNT FAILS.

BDF's Motion to Dismiss explained that BDF is not alleged to have been a party to the Goof Proof contracts themselves.  Motion, p. 7.  Those alleged Goof Proof contracts ran between co-defendant Guardian and the Plaintiffs.  *Id*.  The only alleged agreements running between BDF and the Plaintiffs are sales receipts, and Plaintiffs have failed to identify any alleged breach of those receipts.  *Id*.  The Opposition makes no response to this argument, nor does it identify any contract that BDF allegedly breached.  Opp., p. 11.  Plaintiffs' beach of contract claim should be dismissed accordingly.

### IV. THE OPPOSITION IDENTIFIES NO BREACH OF EXPRESS WARRANTY AND SERVICES ARE NOT SUBJECT TO IMPLIED WARRANTIES, SO THE BREACH OF WARRANTY COUNT FAILS.

The Motion to Dismiss explained that the only alleged express warranty running between BDF and the Plaintiffs is BDF's product defect warranty and the Opposition does not argue otherwise.  Compl, p. 8.  Neither of the Plaintiffs is alleged to have made a timely product defect claim.  *See generally*, Compl.  Accordingly, BDF could not have breached its express warranty.

Under New York law, implied warranties attach only to goods, not services.  *Milau Assocs. v. N. Ave. Dev. Corp.,* 42 N.Y.2d 482, 487 (1977).  Goof Proof is a service contract, not a good, so it is not subject to implied warranties.  The Opposition does not argue to the contrary.  Opp., p. 13.

The Opposition concedes, as it must, that the Magnuson Moss Warranty Act ("MMWA") claim is derivative of the state law warranty claims. Opp., p. 13.  Accordingly, the MMWA claim fails for the same reasons the express and implied warranty claims fail.

4

V. **THE OPPOSITION FAILS TO IDENTIFY A NEGLIGENT MISREPRESENTATION, SO THAT COUNT FAILS.**

The Motion to Dismiss explained that the Complaint does not allege that BDF made a false representation. Motion, pp. 10-11. It also explained that Fed. R. Civ. P. 9(b) applies to negligent misrepresentation claims where, as here, they are based on the same set of facts as those upon which a fraud claim is grounded. *Id.*, p. 10.

The Opposition fails to identify any misrepresentation made by BDF and does not even attempt to argue that the negligent misrepresentation count satisfies Rule 9(b). Opp., p 14. Instead, Plaintiffs argue that there was a "special relationship" between the themselves and "the Defendants" because they were in contractual privity. Opp., p. 14. Again, BDF is not alleged to have been a party to any Goof Proof contract. Those contracts ran between the Plaintiffs and co-defendant Guardian. *See* p., 4, *supra*.

VI. **THE OPPOSITION FAILS TO IDENTIFY A FALSE STATEMENT MADE BY BDF TO THE PLAINTIFFS, SO THE FRAUD COUNT FAILS.**

Although required to plead fraud with particularity, Plaintiffs failed to identify any allegedly fraudulent statement that BDF made to them. The Opposition states that BDF sold Goof Proof contracts on the basis that they provide coverage for accidental damage to furniture, and argues that this was supposedly false because "the Product denied coverage for accidental damage." Opp., p. 15. The terms of the Goof Proof contracts sold to the Plaintiffs are conspicuously absent from the Complaint, but there is no allegation that they excluded accidental damage. To the contrary, Goof proof contracts cover accidental damage by definition. Compl., ¶ 2. In any event, the fraud count is premised on the supposed wrongful denial of Plaintiffs' Goof Proof claims, but the Complaint makes it clear that neither Plaintiff actually suffered a wrongful denial. *See*, pp. 1-3, *supra*.

## VII. THE UNJUST ENRICHMENT COUNT ALSO FAILS.

The Opposition concedes that the unjust enrichment claim is duplicative of its other common law counts. Opp., p. 16. Without citing any unjust enrichment cases, it argues that pleading in the alternative is permitted under Fed. R. Civ. P. 8. *Id*. In reality, New York law holds that a plaintiff cannot state an unjust enrichment claim that duplicates another conventional tort claim. *Corsello v. Verizon N.Y., Inc*., 18 N.Y.3d 777, 790 (2012) (affirming motion to dismiss where an unjust enrichment claim was pleaded in the alterative, explaining that "unjust enrichment is not a catchall cause of action to be used when others fail… [it] is not available where it simply duplicates, or replaces, a conventional contract or tort claim").

## CONCLUSION

Wherefore, Defendant Bob's Discount Furniture, LLC respectfully requests that this Honorable Court dismiss Plaintiffs' Second Amended Complaint with prejudice for failing to state a claim upon which relief can be granted.

Respectfully submitted,

**DEFENDANT BOB'S DISCOUNT FURNITURE, LLC**

by its counsel,

*/s/ Robert M. Shaw*
Robert M. Shaw (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
617-305-2018
*robert.shaw@hklaw.com*

Duvol M. Thompson
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
212-513-3263
*duvol.thompson@hklaw.com*

Dated: November 15, 2021

## CERTIFICATE OF COMPLIANCE

In accordance with Rule II.D of the Individual Practices of Judge John. G. Koeltl, I hereby certify that the foregoing memorandum complies with applicable formatting rules and contains 2107 words.

*/s/ Robert M. Shaw*
Robert M. Shaw

## CERTIFICATE OF SERVICE

    I hereby certify that today, November 15, 2021, I served a true copy of the foregoing via electronic mail on all counsel of record.

                                        */s/ Robert M. Shaw*
                                        Robert M. Shaw